Ragan and Key *vs.* Echols.

~~~~~~~~~~~~~~~~~~~~~~~~

No. 11.—A. B. RAGAN and A. KEY, plaintiffs in error, *vs.* JOSEPHUS ECHOLS, defendant.

No. 12.—The same *vs.* the same.

[1.] A co-defendant to a Bill in Equity who is made so for mere form's sake, and against whom no decree is prayed, may be examined as a witness, on the trial of the cause, if necesssry.

[2.] If a complainant in a bill choose to examine a co-defendant as a witness, he cannot have a decree against *him* ; and if, from the nature of the case, that defendant would be *primarily* liable to the complainant, and the other defendant liable only in a *secondary* degree, the complainant cannot obtain a decree against either.

In Equity.    Motion for a new trial, in Muscogee Superior Court.    Before Judge ALEXANDER.

Both of the above causes, being parts of the same litigation, were, by consent, consolidated and considered together.    The facts are as follows :

At the April term of the Superior Court of Muscogee county, Abraham Key brought his action at Law, against Echols as the maker, and Ragan as the indorser of a promissory note for $516 12, dated March 25th, 1839, due 30th April, 1839, and payable to Ragan's order.    At the April term, 1841, the cause was tried, and Key had a verdict.    The defendants then appealed to a special jury.

Before the trial on the appeal, Echols, the present defendant in error, filed his bill, charging that the note had been obtained from him *through the fraud of Ragan,* and that Key purchased the note after it was due.    The bill prayed an injunction, and a discovery and relief.    The defendants answered the bill, replications were filed, the cause tried, and the defendants had a decree in

their favor.    Echols then appealed  to another jury, and  at the second trial, which was had at May term, 1848 there having been a  settlement between  Ragan and  Echols, Echols moved the Court, after *orally waiving a decree vs. Ragan*, that he be permitted *to examine Ragan as a witness in the cause in his behalf.*  This motion was granted—Ragan was examined,  and  Echols had a verdict.    Thereupon, Key filed his bill of exceptions, and  brings his cause to this Court.    The facts in the second case  are these : The verdict above referred to,  was obtained, on  the  23d May, 1848.    On the 30th, the plaintiff in error, Key, moved a   rule *ni-si*, for a new  trial, as follows :

"And now comes the said Abraham Key, and asks the Court for a rehearing and new trial  in the said cause, on  the  ground that the verdict and decree are contrary to law, and the rules and principles of  Equity.    And   after   hearing  said  application, it  is  ordered  that  the  complainant  show  cause, *as soon as counsel can be  heard*,  why  the  same  should  not  be  granted." Appended to the rule, was the brief of  the evidence and proceedings in the cause, as above set forth.

During the  term the motion for  a new trial was argued in the Court below, and the motion denied ; whereupon Key excepted, and brought his case by writ of error to this Court.

W. Dougherty, for plaintiff in error,

Insisted that  Ragan was a  necessary party to  said bill, being the only defendant against whom any fraud or improper conduct was charged, and interested in the suit and the  issue, and to be affected by the decree in the case, and ought not to have been examined as a witness.    *Dan'l Ch. Prac. vol.* 2, *top page*, 267, 268, 269, 271, 272.    *Nightingale vs. Dodd, Amb.* 338.    *Hill  vs. Adams*, 2 *Atk.* 39.    *Murray vs. Shadwell*, 2  *V. & B.* 401.    1 *Danl. Ch. Pr. top page*, 200.    *Gresley Eq. Ev.* 243.    As to Ragan being a necessary party, see *Field and  others  vs.  Holland and others*, 5 *Cranch*, 8.    *Condensed Rep. Supreme Court U. S. vol.* 2, 290.    *Story  Eq.  Pleading*, 149 4 *vol. Hening & Munford, Ross vs. Carter*, 488.

That the  complainant  could not  examine said Ragan as a witness, without withdrawing the  replication to  his answer, and striking his name from said bill, nor as  long  as he  remained a

party to said bill, and there was a *possibility* of a decree against him. *Danl. Ch. Prac.* 2 *vol.* 267, 268, 269. *Carter vs. Hawley, Blunt's Amb.* 584. *Weymouth vs. Bower,* 1 *Ves. Jun.* 417. *Hill vs. Adams,* 2 *Atkins,* 39. *Meadbury vs. Eisdole, Blunt's Amb. appendix,* 817, *n.* 1, *and* 9 *Mod.* 438. *Nighingale vs. Dodd, Amb.* 584. *Winter vs. Kent,* 2 *Dick.* 595. *Ward vs. Ward,* 4 *Beav.* 223, *also* 155. *Baker vs. Thunall,* 6 *Beav.* 333.

That on complainants declining to take any decree against Ragan, said bill should have been dismissed against Key, against whom there were no charges, &c. and secondarily liable. *Danl. Ch. Prac.* 2 *vol.* 268, 269. *Thompson vs. Harrison,* 1 *Cox,* 346. *Bernett vs. Ld. Donegst,* 3 *Dow. P.C.* 133. *Nightingale vs. Dodd, Amb.* 583. *Gould vs. O'Keefe,* 1 *Beattie,* 356, 353. 1 *Young,* 602. *Field and others, vs. Holland and others,* 6 *Cranch,* 8. *Vol.* 2, *Condensed Rep. Supreme Court, U. S.* 290. *Gresly Eq. Ev.* 244. *Lewis vs. Owen,* 1 *Iredell Eq. Rp.* 290. *Brodly vs. Root,* 5 *Paige,* 633. *Trippe & Slade, et al. vs. Lowe's adm'r,* 2 *Kelly,* 304.

M. J. WELLBORN, and JOHNSON & WILLIAMS for defendant.

There is no error in the verdict, and the decree follows the verdict.

A new trial will not be awarded under the circumstances. 9 *U. S. Digest,* 416, 1 *Peters Dig.* 333. 1 *Kelly,* 580, 618. 2 *do.* 15, 183. 3 *do.* 322.

It was competent to examine Ragan under the order made. *Daniel's Chancery Practice,* 265, *et seq. Greenleaf's Ev.* 428. *Prince D.* 447, 570.

*By the Court.*—WARNER, J. delivering the opinion.

This bill was filed in the Court below, against Ragan and Key, by the complainant, to enjoin the defendants from collecting a promissory note, given by the complainant to Ragan, and by him, indorsed to Key. The complainant charges in his bill, that the note was *fraudulently* procured from him by Ragan, and that Key purchased it after due. The record discloses, that Key had no participation in the fraud whatever, in procuring the note from the complainant, nor any *actual* knowledge of it when he

purchased the *paper*, and is only chargeable with *constructive* notice, in consequence of having acquired his title to the paper from Ragan, subsequent to its maturity.

The whole equity of the complainant's bill, is founded on the alleged fraud of Ragan, in procuring the note from the complainant.

[1.] On the trial, the complainant proposed to examine Ragan as a witness, (having first obtained an order for that purpose,) against Key. The counsel for Key objected to his being examined as a witness against him, as Ragan was the principal defendant in the cause. The Court overruled the objection, and the witness was examined, whereupon the counsel for the defendant Key excepted, and now assigns the same for error here. The record shows that the complainant *orally* waived any decree against Ragan, but did not move to strike his name out of the record, for the reason, as we suppose, if he had done so, his whole case would have went out. According to the case, as made by the complainant's bill, when he *orally* waived any decree against Ragan, he virtually waived his case out of Court—for Key can only be affected, by first establishing the alleged *fraud* on the part of Ragan. When Ragan's fraud shall be established, then Key's title to the note is affected, because he derived it from Ragan, after it became due. Without the allegation of fraud, on the part of Ragan, the Court would have had no jurisdiction of the cause, and to our minds it would present rather a novel spectacle, in a Court of Equity, for the complainant to *orally* waive a decree against the only party to his bill, whose *fraudulent* conduct alone, gave to the Court jurisdiction of his cause. If the complainant had moved the Court to strike out of the bill, the name of Ragan, and the charges made against him, which alone entitles him to a decree, the whole case would had been out of Court; but to avoid this consequence, the complainant is permitted to make an *oral* waiver of a decree, against the principal defendant, who perpetrated the fraud, and whose fraudulent conduct alone, entitled him to a decree against the other party, who derived title to the paper, through him. Where defendants have been made parties to a bill, for mere form's sake, and against whom no decree is prayed *in the bill*, they may be examined as witnesses, if necessary. *Gresley's Eq. Evidence*, 243—4. 2 *Madd. Ch. Practice*, 415.

[2.] The true rule, as applicable to this case, is stated by Mr. Maddock. "If a plaintiff chooses to examine a defendant as a witness, he cannot have a decree against him, and if from the nature of the case, that defendant would be *primarily* liable to the plaintiff, and another defendant only in a *secondary* degree, the plaintiff loses his remedy altogether." 2 *Mad. Ch. Practice*, 417. *Thompson vs. Harrison*, 1 *Cox's cases*, 344. In *Lewis vs. Owen*, 1 *Iredell's Eq. Rep.* 290, the same rule is recognized. In that case it was held, if the defendant examined as a witness be the one *primarily* liable to the plaintiff and the other defendant only *secondarily* liable, the plaintiff, necessarily gives up his claim against both, by the examination of the former. The same rule is supported by *Ch. Walworth, in Bradley vs. Root*, 5 *Paige's Rep.* 636. Ragan; as we have seen, is the party *primarily* liable for the fraud, the *actual perpetrator of it.* Key, the other defendant, had no actual participation in the frand of Ragan, in procuring the note, and as the record shows, had no *actual* knowledge of it, at the time he received it from Ragan; consequently, his liability to be perpetually enjoined from collecting it is *secondary*, depending on the establishment of the fraud of Ragan, through whom he derived his title to the note, after its maturity. By examining Ragan as a witness, who was the *actual perpetrator* of the fraud, and *primarily* liable therefor, the complainant precluded himself from having a decree against *him;* and it follows, as a necessary consequence, under the rule laid down, that he could not have a decree against Key, the other defendant, who is only affected by *constructive* notice of the fraud, by purchasing the note after it was due.

Let the judgment of the Court below be reversed, and a new trial granted.